IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 JAN 28 AM 11:44

**CARMELO TREJO #1939665,**
          **Plaintiff,**

-vs-                                                                                   Case No. A-14-CA-1127-SS

**CHARLES POPPER,**
          **Defendant.**

## <u>O R D E R</u>

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Carmelo Trejo's Complaint [#1] and the Report and Recommendation (R&R) of the United States Magistrate Judge [#5], to which Trejo has not filed objections. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders ADOPTING the R&R and DISMISSING Trejo's claims.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Trejo is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.



## Background

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Trejo was confined in the Texas Department of Criminal Justice, Correctional Institutions Division. Trejo sues Charles Popper, his previously retained criminal attorney, and seeks a refund of $1,500. Trejo explains he paid Popper to represent him in a misdemeanor driving while intoxicated case. Popper, however, failed to appear on his behalf.

## Analysis

### I.     Legal Standard

An *in forma pauperis* proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2) if "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A dismissal for frivolousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The allegations in the complaint, "particularly a *pro se* complaint, must be accepted as true, along with any reasonable inferences that may be drawn therefrom." *Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). The petitioner's pro se status, however, does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## II. State Actor under § 1983

The provisions of 42 U.S.C. § 1983 state every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *Monroe v. Pape*, 365 U.S. 167, 184 (1961); *Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

As the Magistrate Judge explained, Trejo's claim against Popper cannot be brought under §1983 because retained counsel does not act under color of state law. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985). Accordingly, Trejo's claims brought against Defendant Popper are frivolous and must be dismissed.[1]

## III. Warnings

The Court also adopts the Magistrate Judge's recommendation warning Trejo filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to § 1915(f); (b) the imposition of significant monetary sanctions pursuant to Federal Rule of Civil Procedure 11; (c) the imposition of an order barring Trejo from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

---

[1] To the extent Trejo alleges Popper breached a contract, such claim must be filed in state court.

Trejo is further warned for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court which dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit: (1) sixty days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Defendant has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See* TEX. GOV'T CODE § 498.0045.

Trejo is finally warned if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

## Conclusion

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Mark Lane [#5] is ADOPTED;

IT IS FURTHER ORDERED that Plaintiff Carmelo Trejo's Complaint [#1] is DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that the Clerk of the Court send a copy of this order and judgment to the Texas Department of Criminal Justice, Office of the General Counsel;

IT IS FINALLY ORDERED that the Clerk of the Court send a copy of this order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

SIGNED this the 27 day of January 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE